Case 20-5833 Joseph Ciccio et al. v. SmileDirectClub LLC Oral Argument 15 minutes per side. Mr. Mutey for the appellant. Thank you. Good morning, your honors, and may it please the court. Michael Mutey for Appellant SmileDirectClub. I'd like to reserve four minutes for rebuttal, please. All right. This case presents a straightforward question of contract interpretation. Parties agreed that all disputes must be determined by submission to arbitration and not by lawsuit. They also agreed that arbitration must be conducted by a single arbitrator. Here, due to an administrative hiccup, which Johnson refused to correct, no arbitrator was appointed and no arbitration ensued. The question is whether Johnson may pursue his claims in federal court. The answer is no. The district court should have compelled arbitration, not so for three primary reasons. First, the agreement expressly prohibits litigation, except for small claims court, yet the district court allowed federal litigation to proceed. Second, Johnson did not exhaust his obligations under the agreement. The administrative action at issue did not determine the dispute and arbitration has not been had in accordance with the terms of the agreement. Third, the district court opinion cannot be squared with this court's precedent applying the FAA's strong presumption in favor of arbitration. Let's turn to the arbitration. Can I ask just a clarifying question? So when you originally, in your original motion with respect to a different plaintiff, you said that under the terms of this agreement, because it incorporates the rules of the AAA, the gateway questions, the arbitrability questions, should themselves be decided by the arbitrator. I wonder why this question about whether the contract has incorporated this health care protocol, why isn't this question a gateway question? Because if it has, then you have to have this post dispute agreement. If it hasn't, then maybe you don't. But it seems to me that this itself could be a question that is for the arbitrator and you're asking us to answer it. I'm curious if you're asking either us to answer it or us to say that it's not for the administrator, but it's for the arbitrator and the parties can re-raise this argument about whether the contract has incorporated the health care protocol before the arbitrator. The latter, your honor. Gateway questions are for the arbitrator. Here, no arbitrator was ever appointed, so no arbitrator... Would you see that this is a gateway question? It seems to me that it is. It's about the meaning of whether the contract incorporates this health care protocol would suggest that perhaps it's not an arbitrable issue, but it should be for the arbitrator to decide rather than for the courts. We agree, your honor. And in order to get there, we would need the court to compel arbitration so that Johnson and Smile Direct could proceed to have an arbitrator appointed, and then that issue or any other gateway issues could be raised before the arbitrator. And if the arbitrator... So suppose the arbitrator were to rule against you, you wouldn't be back here, would you? You would concede at that point that then it would be subject to the very deferential standards of review under 9 U.S.C. Section 10, if the arbitrator decided it rather than the administrator. If the arbitrator decided the issue, then yes, we would be back in court if we appealed under Section 10, under those standards. There is the argument that in this case, based upon the agreed-upon contract of the parties for arbitration, that there's actually nothing for the arbitrator to decide with respect to the question that's before us, and that the parties agreed that any disputes would be governed by the rules of the American Arbitration Association. And under those rules, the plaintiff did request arbitration and arguably fulfilled its obligation, but that under the healthcare protocol, the parties were required to decide at that point whether to proceed with arbitration. They were given an option subsequently. And I guess the plaintiff would argue that the parties abided by all the rules of the American Arbitration Association. At that point in time, the plaintiff declined to enter into an agreement to have the matter arbitrated pursuant to the healthcare protocol. So, I mean, it seems like a rather simple matter following the rules of the American Arbitration Association. In a sense, I suppose it's sort of an open-and-shut matter, at least that's the way that district courts seem to look at it. What do you say to all that? Well, a couple points in response, Your Honor. First of all, the contract itself requires arbitration to be conducted by a single neutral arbitrator. That didn't happen. No arbitrator was ever selected. Well, if it gets to that, but I mean, you know, contrary to that provision or in addition to that provision, it was agreed that the rules of the association would be followed in this matter. So, Your Honor, if there's any conflict between the terms of the contract and the incorporated rules, the terms of the contract govern. We know this through standard canons like specific controlling the general. We also- Well, arguably, excuse me for interrupting, but arguably, if the parties had agreed to proceed pursuant to the healthcare protocol, at that point, the matter would have gone before a single arbitrator. Isn't that really all that's at stake here? Your Honor, the parties never agreed to the healthcare protocol, even if- That's why we have this problem. Pardon me? That's why we have this problem, that the parties agreed to follow the rules, and one of which involved the healthcare protocol, and then the parties could not agree to that particular item. The healthcare protocol is nowhere incorporated in the AAA commercial arbitration. Nowhere. But further, any time that you have a conflict between the terms of the rules and the terms of the contract, the contract controls, you let it circuit held as much and such. There, the contract required a decision by three arbitrators. It also incorporated AAA rules, which permitted a decision by two. Two arbitrators issued an award. The court wound up vacating that contract control. Any conflict between the rules here, even if they are incorporated, in the terms of the agreement, any conflict is resolved by relying on the terms of the agreement. Here, the agreement said that the dispute has to be determined by submission to arbitration, not by litigation. There is no way to give effect to the phrase, not by lawsuit in any court. And hold that what the administrator did here, sending the case back to court. Well, you know, one problem with the argument you're making now is that the contract did provide that if AAA declines arbitration, the parties can then proceed to go to court. The contract between the parties itself did not exclude the possibility of litigation. At best, your honor, that position would create a conflict between one term of the rules and a term of the contract, which again has to be resolved. You're characterizing it as a conflict, but it's really successive choices to be made in accordance with the contract itself. If you have two provisions of a contract, one that says an administrator can funnel a decision back to court and the other says that arbitration must happen and litigation must not, that's a conflict. And especially in this case where the FAA presumption applies, any doubt must be resolved in favor of arbitration, not in favor of litigation. Is it necessarily a conflict? It's just a backup, isn't it? Wouldn't the argument be analogous to the attorney's fees cases where, yes, they agreed to arbitrate, but if the arbitrators for some reason refused to arbitrate, that doesn't mean that the dispute just goes away. It means you go back to the court as a fallback. And so I guess the best argument on the other side that I see is the healthcare protocol. I agree with you, it's totally unclear to me that the healthcare protocol is incorporated into this contract, but the administrator seemed to say it was refused to arbitrate and rule 1D is clearly in the contract and it says should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court. So, I mean, it's just a backup in case the AAA refuses to arbitrate. That has happened here. Your Honor, I would see it as a backup if it included language to the effect of parties must arbitrate in the first instance. That's not what it says. It says they must submit disputes to be determined by arbitration. It has to be determined. That's an operative word here. What the administrator did, did not determine the dispute. It didn't determine any substantive issue in the case. At the attorney's fees cases that you mentioned or the arbitrator fees cases that you mentioned, Your Honor, those are distinguishable. In those cases, we're talking about Lifescan and Tillman here. The Ninth Circuit held that there was no failure, neglect, or refusal to arbitrate because the party simply wasn't able to pay the fees. And Tillman at 1075 said that a different outcome would be appropriate if a party just chose not to pay the fees. And that's analogous to what happened here. In the February 26th letter, and again in the March 6th letter, the AAA administrator told Johnson all he had to do was sign the February 26th letter and the AAA stood ready to administer the arbitration. I see that my time is up. I know your time is up. Let me ask you one further thing here. I know the parties on both sides are adequately able to negotiate and enter into contracts. However, isn't it the case that this arbitration agreement is one that SmileDirectClub utilizes with all of the consumers that it contracts as it did with the plaintiffs here? Now, what I'm getting at is if the SmileDirectClub, if this is their standard, if these are their standard contractual provisions and the SmileDirectClub drafted the contract, wouldn't the provisions be, to the extent there's any ambiguity, be construed against the drafter here, which in this case would be SmileDirectClub? Not under this court's precedent, Your Honor. In Huffman v. Hilltop, which Judge McKeague authored for the panel, the court held that the FAA presumption applies and controls over standard canons like contraprofarentum or expressio unius. So even though this is a standard clause and even though it was authored by SmileDirect, the presumptions and interpretation it isn't construed against SmileDirect, it's construed in favor of arbitration. All right, we'll hear from opposing counsel at this point. This is Ms. Thorne, I believe. Good morning, Your Honors. I'm Emily Tidmore for the FLE. Oh, I'm sorry, Ms. Tidmore. No problem. May it please the court. My client, Dana Johnson, brings claims on behalf of himself and others who have suffered harm as a result of SmileDirect's nationwide campaign of false advertising regarding the effectiveness and nature of its dental aligner treatment. Mr. Johnson properly submitted his dispute with SmileDirect to arbitration in the arbitral forum and pursuant to the AAA rules that SmileDirect itself said were required by the arbitration agreement that it drafted. Those same AAA arbitration rules now give Mr. Johnson a contractual right to pursue his claims in court because as this court recognized, the AAA determined that this dispute does not satisfy its carefully formulated, long-standing health care due process standards which were developed. Ms. Tidmore, what do we make, if anything, of Johnson's refusal to sign the form that would have then allowed AAA to arbitrate under their rules? Your Honor, the answer to that is that he has a contractual right under the rules, specifically Rule 1D of the AAA Consumer Rules, which expressly address this circumstance and give him the expressed contractual right to choose to proceed in court. So at that point, he had an option. He could enter into the post-dispute agreement that the AAA said was required for it to be able to administer this dispute, but he had a contractual option to and so that which the contract provided him through its incorporation of those terms. Essentially, what you're saying is the parties entered into an agreement here that seems on its face at the initial discussion to compel arbitration that never compelled arbitration to begin with because he had the out and not signing the form that was required by AAA. Is that basically... Well, I don't think that the contract is a nullity in the sense that, for instance, here it funneled Mr. Johnson to arbitration. He initially pursued his claims in court and after the district court granted AAA SmileDirect's motion to compel arbitration as to another plaintiff based on SmileDirect's argument that these threshold determinations pursuant to the AAA rules were delegated to the arbitrator. Mr. Johnson then went to arbitration and at that point he was presented with the option of entering a post-dispute agreement and he certainly could have entered that option. So I don't think it's a complete nullity, but to the extent that the arbitration agreement... How do you get over what Judge Murphy was asking you to begin with? That if the gateway question has to be presented to the arbitrator, there was never an arbitrator here. How do we rule for you that the administrator basically then gets to determine whether it does or doesn't get to arbitration? That's completely answered, Your Honor, by the incorporation of the AAA Consumer Rules, which expressly provide the AAA with this authority to conduct this due process review. And so by incorporating the AAA rules... But the incorporation of the AAA rules is a contract question. I'm not even certain that the administrator actually resolved a contract question. I suspect that the administrator would apply once it determines that it's a commercial contract or a consumer contract, would use its own estimation about whether the health care protocol applies in all cases and not even try to interpret the contract. So I think that the contract is quite ambiguous about whether it incorporates the health care protocol, for consumer due process protocol, and then the consumer due process protocol makes some reference to the health care policy. It doesn't even make reference to the health care protocol. So if I find it ambiguous about whether the contract interprets that protocol, what's the harm in saying that the arbitrator should be the one to resolve this contract question rather than the administrator? It's kind of like you still can make the argument. Don't get me wrong, you can make the argument. It's just you shouldn't have made it to the administrator. You should have made it to the arbitrator. And once the arbitrator decides that the contract gives you this out, then you can come back to court because the arbitrator has said that it's not subject to arbitration unless you sign this post-dispute agreement. What's wrong with that resolution? It seems to me it preserves your argument. It's just you should make it before the arbitrator. Your honor, the district court's order, I think it's important to remember that the district court's order here was not at all based on any conclusion about whether the health care policy statement and the health care due process protocol are incorporated into or properly even applied by the AAA. And that's because the district court here was looking at the terms of the contract. As you said, it's an issue of contract interpretation. The contract incorporates the AAA rules. And Rule 1D says if the AAA declines to administer based on its due process review, then the parties have the option, either district court Judge Trauger expressly addressed this argument when Smile Direct raised it below and said, I don't have to look behind the veil. The result here is conclusively dictated by the fact that the AAA declined to administer and the rules that you chose to incorporate into the contract conclusively dictate the outcome. With respect to the question about the administrator versus the arbitrator applying it, the answer to that is that the AAA rules, again, which the incorporate into the contract, provide this authority to the AAA itself, not to the arbitrator. It says that the AAA will conduct the due process review. It does not say that the arbitrator will conduct the due process review. Rule 53 of those rules provides that the AAA will interpret and apply the AAA rules other than rules relating to the arbitrator's own powers and duties. Rule 1A and Rule 1B and Rule 13 address that when the parties incorporate the AAA rules, they necessarily make the AAA, they authorize and empower the AAA to be the administrator. So it's plain under the rules, under the AAA rules, that the administrator, the AAA, the parties delegated the authority to make these types of administrative gateway determinations to the administrator, not to the arbitrator. One thing that's being said here is that there's really nothing for the arbitrator to rule upon or to decide or to interpret because the parties have agreed to follow the AAA rules and the rule is clear and explicit. And even if there were a dispute that the arbitrator could rule upon, this would not be one of them because the rule is so clear and explicit. Is that really what you're saying here? That's exactly right, Your Honor. And the rule, as Judge Trugger said, it unambiguously dictates. She said it unambiguously dictates the result. It conclusively dictates the result. The rule says when the AAA declines to administer and the parties agreed to allow the AAA to conduct this administrative review and make this administrative determination in that circumstance, then the parties have a contractual right to litigate in court. So it's not a matter of just saying, oh, Mr. Johnson, just go sign this additional form. It would be, that would be depriving him of his contractual option under the rules that the parties agreed to, to return to court, which is exactly what. Your response, your response seems to be that the contract is unambiguous and it's essentially a frivolous argument. But the Supreme Court in a case last year called Henry Schein rejected the notion that these gateway questions, if they send the gateway questions to the arbitrator, a court can refuse to send the gateway question to the arbitrator if the court concludes that saying that the claim is subject to arbitration would be frivolous. The Supreme Court said courts can't do that. Even, even if the claim that it's subject to arbitration would be frivolous, if the gateway question should be reserved to the arbitrator, we still have to send it to the arbitrator. So it seems to me, even if it is quite clear under rule 1.D, it's the arbitrator that should be making the determination and not the courts as a de novo contract construction. Your Honor, I would submit that this, the Henry Schein case fully supports us. This case, this threshold dispute, the parties agreed that threshold disputes were, had been delegated to the arbitrator. Mr. Johnson properly submitted his dispute to the AAA for determination and under the governing rules, the AAA, the parties had empowered the AAA, as opposed to the arbitrator to make this type of determination. So it really is SmileDirect's argument here, which is trying to end run the administrative and the arbitral determination that was made here because the AAA made the administrative determination and SmileDirect is asking the court to let it out of that administrative determination, which is conclusive here pursuant to the party's rules, delegating the authority rule 1.D, which expressly authorizes the AAA, not the administrator to make this determination. So there is no problem here. I mean, the problem here and the undermining of the federal policies favoring arbitration is by SmileDirect, which is trying to avoid the effect of the AAA rules that it chose to incorporate into its contract. And I would point out, as Your Honor mentioned, these SmileDirect's arguments here are so directly contrary to the arguments that it made when it moved to compel the original consumer plaintiff in this case, Ms. Dina Nagosian, to arbitration. In its arguments there, it relied wholly on the fact that the contract incorporated the AAA rules and delegated these threshold issues to the arbitrator. And now SmileDirect is trying to AAA administrative rules. The rule that it relied on specifically in that motion was entitled jurisdiction and said that arbitrators are to decide threshold issues about the scope and the validity and the existence of the agreement. That rule is in the very same section of the AAA consumer rules that rule 1.D is in, that gives the AAA this ability and this authority to conduct this due process review. And the title of that section is filing a case and initial administrative steps. So SmileDirect itself relied and prevailed on the contract's incorporation of the AAA administrative rules. Now that it got a bad ruling from the AAA, it's trying to pick and choose and say, oh, well, this administrative rule doesn't apply. With respect to SmileDirect's argument... Timur, I'm trying not to interrupt you, but you have the ability to speak for minutes on end without ever taking a breath. So I'm interrupting you. We seem to have some authority that says that when a contract, when the essence of a contract seems to be that a case gets arbitrated, that if the arbitrator that the party selected can't or won't do the arbitration, it goes to a different arbitrator. I think your argument would be a lot better if this contract called for the AAA to do the arbitration, but it doesn't specify it's a AAA arbitrator. It can be any arbitrator. It just specifies the rules that whoever the arbitrator is would use. So what do we do, if anything, with that authority that seems to say one course of action here would be for somebody, either us or perhaps the arbitrator that AAA picks, to send it to a different of the Federal Arbitration Act, which, of course, SmileDirect has not sought appointment of a substitute arbitrator under Section 5. Moreover, I would disagree with the characterization that this contract does not require AAA arbitration. And in fact, that is contrary to what SmileDirect itself argued, again, when it moved to compel Dina Ngozian to arbitration, which is at record entry 27, at least three times in that motion. And again, in its reply, SmileDirect expressly argued this contract allows the consumer to choose one of two forums, AAA arbitration, AAA arbitration, not just arbitration, AAA arbitration, or small claims court. It expressly said this contract, this arbitration agreement, which was identical to the one that applies to binding arbitration conducted by the American Arbitration Association. And that is supported and fully consistent with the AAA rules, which SmileDirect chose to incorporate into the contract, which also make AAA administration an essential term of the agreement, Rule 1A. That may not be consistent with what the agreement says. So, I mean, are you essentially making an estoppel argument? No, Your Honor. It's both. It's that the rules clearly make AAA arbitration an essential term of the agreement. Rule 1A says when the parties incorporate the AAA rules, they have made AAA administration an essential term of the agreement. That's also in Rule 13 and Rule 1B. And SmileDirect's arguments in its motion to compel Ms. Ngozian before it received a bad result from the AAA, SmileDirect fully embraced AAA administration. So, they really go hand in hand. It's that the rules clearly say that, and AAA and SmileDirect itself recognize that and argued fully consistently with that. It's only now, after things didn't go SmileDirect's way, that it wants to come in this court and make different arguments and say, oh, the AAA isn't required. Moreover, the AAA clearly was a permitted arbitral forum. Nothing, I mean, SmileDirect can't say it wasn't allowed. And Mr. Johnson properly submitted his dispute to the AAA, and then this determination was made in accordance with the terms of the party's agreement. So, to require him to now go to another forum because SmileDirect doesn't like the result of the rules that it chose would be depriving him of his contractual right to proceed to litigation in these circumstances and would be unfairly and improperly coercing him to do something that he did not agree to do in the contract. As the district court found, Mr. Johnson did everything that he was required to do under the agreement within the language of Section 4 governing the motion to compel, which is the relief SmileDirect seeks. There was no failure, neglect, or refusal by him to comply with his arbitration agreement, and this court should affirm the district court's well-reasoned work. Can I ask one final question? Is that okay, Judge Clay? Sure. I had a pragmatic question about whether your position could lead to a kind of a race to the courthouse or a race to because the AAA did say that they would allow for the arbitration to proceed if it was pursuant to court order. And if you are correct, I mean, there is one court order with respect to the one plaintiff, Nick Hazian. Isn't the remedy here is just going to be SmileDirect is going to file a motion to compel against a whole bunch of parties, and if they get that order, that would be enough, so they would race to do that, and you would race to the AAA, because if you get the AAA order saying we're not going to arbitrate, then you can get to the courthouse that way. It seems somewhat strange to me to think that we should be incentivizing this type of kind of race to the venue that you prefer by going to the opposite venue first, actually. Yeah, Your Honor, I mean, obviously, those are hypothetical situations that may or may not come up if SmileDirect were to seek to move others to, you know, move to compel others to arbitration. One thing I can say certainly is that that is not what happened here. Mr. Johnson, you know, SmileDirect prevailed on its motion to compel as against Ms. Nagosian on as to these threshold issues, and it said you have to go to the AAA, you have to abide by the AAA rules, and Mr. Johnson sought to comply with that. That's why he voluntarily dismissed his claims in this court. That's why he submitted a demand for arbitration with the AAA. And, you know, what happened here was through no failing or no bad behavior by him in any way. Just to clarify, do you dispute that for with respect to, I don't know how to pronounce the last name, is it Nagosian? I say often Nagosian, but yes. Nagosian. So, since there is a court order, Nagosian, presumably, if he went to arbitration, the AAA would allow it. And so, what's the status of his case? Is it in arbitration? Your Honor, it's Ms. Nagosian. Yes, but the district court specifically said that, you know, the circumstances are different and did not take a position one way or the other as to whether her prior, Judge Trauger's prior decision compelling Ms. Nagosian to arbitration meant that the AAA, you know, she left that basically up to the AAA to sort that out as to the effect of that. There could certainly be arguments, Your Honor, now that the AAA has made an administrative determination as to this agreement and determined that this agreement does not satisfy its minimum, you know, important, fundamental due process concerns, which again, we're not a fly-by-night trap trying to deprive Smile Direct of its arbitration agreement. I mean, these are important issues which were resolved after much deliberation. But so now that there is an actual determination from the AAA that this agreement does not satisfy, there certainly could be arguments that requiring others to go to the AAA would be futile to just get the same kind of determination and that there would be futility in as the Woodward case, which we cited, the Washington Court of Appeals case, which we cited, that's what that court found. It said when this, because in light of this policy, you know, it's going to be futile for plaintiffs to have to go through the process of going to the AAA to get this determination now that the AAA has actually spoken to that issue. All right, thank you very much. We'll hear rebuttal at this time. Your Honors, after 47 pages of briefing and now 15 minutes of argument, Johnson has yet to offer a reading of the arbitration clause that would give effect and give meaning to the phrase determined not by lawsuit filed in any court. Nor has Johnson offered any way to conclude that what happened below, an administrative action that prevented an administrator from being appointed amounts to the conduct of an arbitration by a single neutral arbitrator. The contract's requirements have not been fulfilled. Now, Johnson suggested that he's done everything he needs to do because he submitted to AAA. He has, he may have submitted to AAA, he has not submitted to arbitration. And insofar as AAA administration is necessary, the only thing standing between- Absolutely, let me ask you this, is there any way that your opposing party has failed to follow the AAA rules that's material here? Johnson himself is standing in the way of AAA administration. The AAA said that it stands ready to administer- Okay, but I just want to know if they sought to violate or have failed to comply with any of the AAA rules. That's really what I want to know from you. The AAA has said that it is ready to administer once it gets a signature from Johnson. I don't know if you want to- That's not really my question. I mean, it's just a fairly simple question as to whether they failed to comply with the AAA rules in any way that's material to the dispute. We haven't even gotten to the bulk of the AAA rules yet. The rules identify a number of steps that need to happen in an arbitration, from presenting evidence to setting a hearing date. By not signing the February 26th letter and preventing the appointment of an arbitrator, which is necessary to meet the contract's failing to sign. I mean, that actually was in conformance with the rules, as I understand. Your Honor, the AAA says that it will administer an arbitration once it gets either a court order or a signed form, either of those two things. What happened below cannot be an arbitration. Mr. Mead, I'm just curious. Why aren't you saying that he may or may not have had the right to not sign the form in connection with the AAA rules, but that act or failure to act was completely contrary and inconsistent with the underlying contract terms where he said he would agree to arbitrate. Presumably, I would have expected you to say he agreed to arbitrate. Therefore, he had to sign that form, even if the AAA rules might give him an option of not in the form. I'm just curious why you're not making that argument. If I'm wrong, and you don't subscribe to that argument, then tell me. That's a more efficient way of saying what I was trying to say, Judge McKeek. Under the contract, he agreed to arbitrate. He agreed that arbitration will be conducted by one single neutral arbitrator. Then he took an act that prevented the appointment of that arbitrator. Your Honor, because the contract itself requires determination by arbitration, not litigation, and because no arbitration has occurred consistent with the terms of the agreement, which is what the FAA requires, the court should reverse and remand to the district court with instructions to compel arbitration. Thank you. All right. Thank you very much for your arguments. That concludes the case. It's now submitted.